## Case No. 5,092.

### In re FREIDERICK.

[3 N. B. R. 465 (Quarto, 117); [1] 3 Am. Law T. 71; 2 Chi. Leg. News, 139; 1 Am. Law T. Rep. Bankr. 181; 2 Leg. Gaz. 133.]

District Court, D. Minnesota.   Jan. 18, 1870.

Phelps & Taber, for bankrupt.

NELSON, District Judge. The solicitors for the bankrupt have presented a petition to this court claiming that the amount of the assets assignable under the bankrupt law are equal to fifty per centum of the provable claims against the estate of the bankrupt, and ask that appraisers be appointed by the court to ascertain the value of the assets of the bankrupt, for the due and just protection of his rights in the premises.

This application is based upon the petition and schedules of the debtor, on file, which give a list of his debts, and the value of his estate, in accordance with the provisions of the bankrupt act, and is made for the purpose, as is alleged, of showing the bank-

---

[1] [Reprinted from 3 N. B. R. 465 (Quarto, 117), by permission.]

rupt to be one of the class of persons entitled to a discharge when applied for, under the second clause of the 33d section of the bankrupt law. This section, as amended July 27, 1868, reads as follows: "In all proceedings in bankruptcy commenced after the 1st day of January, 1869, no discharge shall be granted to a debtor whose assets shall not be equal to fifty per centum of the claims proved against his estate, upon which he shall be liable as the principal debtor, unless the assent in writing of a majority in number and value of his creditors, to whom he shall have become liable as principal debtor, and who shall have proved their claims, be filed in the case, at or before the time of the hearing of the application for discharge."

It is impossible, at the present stage of the proceedings in this case, to ascertain what are the assets of the bankrupt, and whether they are equal to the amount required, so as to bring him within the 33d section. There is no evidence before us that any claims whatever have been proved against the estate. The earliest period designated in the warrant issued upon the adjudication of bankruptcy, at which time creditors are summoned to prove their debts, has not yet transpired. No assignee has been appointed whose duty it will be to possess himself of all the bankrupt's estate; and the bankrupt, under the 19th section, cannot, as yet, apply for a discharge. It would seem, therefore, that there was no necessity for the court, at present, to make any inquiry as to the assets of the estate.

The solicitors for the bankrupt, however, claim that the estate can now be readily appraised, or at least that portion of it which is stated in the schedules, and which, under the bankrupt's surrender, is in possession of the register. They believe a fair appraisement will show this portion of the estate fully equal to fifty per centum of all provable debts. Even if such was the case, we do not see how it could influence the question of granting a discharge to the bankrupt.

The 33d section, before the amendment referred to above, declared that in bankruptcy proceedings commenced after one year from the time the act went into operation, "no discharge shall be granted to a debtor whose assets do not pay fifty per centum of the claims against his estate, unless," etc. The plain and obvious meaning of "assets" in this section, was the proceeds of the debtor's property which are applicable to the payment of his debts. The subject-matter of this section points to this signification of the word. Nothing else could pay debts. It may be true that in other portions of the act the word "assets" has been used in a more enlarged sense, but, in this section, it clearly is not synonymous with "estate." The amendment of July, 1868, although more favorable to the bankrupt, has not changed the meaning of "assets," and, according to our view, the section as it now stands, is to be construed as if it read: "The proceeds of the bankrupt's property in the hands of the assignee, and subject to be divided among his creditors, must be equal," etc. In bankruptcy proceedings commenced before January 1, 1869, discharges are granted without reference to the assets of the bankrupt. If no debts have been proven, or if no assets have come to the hands of the assignee, the discharge can be granted upon application made after the expiration of sixty days from the adjudication of bankruptcy.

The supreme court of the United States declare a bankrupt to have "no assets" when the assignee makes oath that he has "not received or paid out any moneys on account of the estate." See Form 85. The adverse proposition must also be true, and a bankrupt has assets, when the assignee has received or paid out moneys on account of the estate; if the moneys received or paid out equal fifty per centum of the claims proved against the estate, upon which the bankrupt is liable as principal debtor, a discharge will be granted upon the proper application. We do not think that any relief can be given now, and deny the prayer of the petition.